IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO RENE C.C.,

Petitioner,

vs.

WARDEN, *et al.*,

Respondents.

Civil No. 1:26-cv-05037-MWJS
ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

A# 233-815-167

## INTRODUCTION

Petitioner Mario Rene C.C.[1] has been in immigration detention for over seven months, and in this habeas proceeding, he contends that has detention has become unconstitutionally prolonged. Dkt. No. 1.[2] Although Respondents oppose the petition, they do not meaningfully defend the length of Petitioner's detention. Instead, they contend the petition should be dismissed for procedural reasons. But these procedural arguments do not justify dismissal. The petition is therefore GRANTED.

---

1 For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

2 Although the petition names the Respondent as "Warden, Adelanto ICE Processing Center," an ICE detainee locator record attached to the petition identifies Petitioner's current detention facility as the California City Immigration Processing Center. Dkt. No. 1, at pg. 10.

**BACKGROUND**

Petitioner's immigration detention began on January 29, 2026. For the next three months, Petitioner did not receive any bond hearing to challenge the propriety of his detention. And so on April 30, 2026, Petitioner filed a petition under 28 U.S.C. § 2241, contending, among other things, that he was entitled to a bond hearing. *See Mario Rene C.C. v. Warden*, No. 1:26-cv-03336-MWJS (E.D. Cal. filed Apr. 30, 2026). This court agreed, and on May 15, 2026, it granted his petition in part and ordered Respondents to provide Petitioner with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

A hearing took place on May 21, 2026, at which the immigration judge denied bond on the ground that Petitioner presented a "flight risk." Dkt. No. 6-2, at pg. 1. The written order identifies no other basis for denying release. Petitioner reserved his right to appeal the decision to the Board of Immigration Appeals ("BIA"). *Id*. at pg. 2. But Respondents represent, and Petitioner does not dispute, that he did not pursue such an appeal. Dkt. No. 6, at pg. 4.

On June 30, 2026, Petitioner filed the § 2241 petition now before the court. Dkt. No. 1. Among other things, Petitioner challenges his continued detention following the May 21 bond hearing. He contends that his detention has become prolonged and that he is neither a danger to the community nor a genuine flight risk. *Id*. at pg. 2. He also states that due to his "strong family and community ties" in the United States, he has a

stable residence available to him. *Id*. He has children in the United States, and contends that his continued confinement is causing them substantial emotional and financial hardship. *Id*. at pgs. 2, 6-7. He seeks immediate release or, in the alternative, another individualized bond hearing. *Id*. at pg. 7.

The court ordered Respondents to file a response to the petition, Dkt. No. 4, and Respondents responded by moving to dismiss the petition, arguing that this petition is successive, constitutes an abuse of the writ, and should in any event be dismissed because Petitioner failed to exhaust administrative remedies by appealing the immigration judge's bond determination to the BIA. Dkt. No. 6, at pgs. 2-4.[3] Respondents do not ask for a hearing or for any further opportunity to address the petition.

## DISCUSSION

### A. Respondents' Procedural Arguments Are Not Persuasive on this Record

Respondents contend that the petition should be dismissed for procedural reasons. But neither of these reasons supplies a persuasive basis, on this record, for their requested dismissal.

#### 1. The Abuse of the Writ Doctrine Does Not Bar Consideration of Petitioner's Habeas Petition

---

[3] Although Respondents' filing was untimely, counsel for Respondents explain that counsel was on leave on the day of the deadline and apologizes for the short delay in filing the response. Dkt. No. 6, at pg. 1 n.1. The court appreciates counsel's explanation and apology, and it accepts Respondents' filing.

Respondents first argue that this petition should be dismissed as successive or as an abuse of the writ. In their view, both Petitioner's first petition and this one challenge the legality of the same immigration detention and seek essentially the same ultimate relief. Dkt. No. 6, at pgs. 2-3.

The abuse of the writ doctrine generally bars reconsideration of claims that "were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (cleaned up). Although the statutory bar in 28 U.S.C. § 2244(a) does not apply to an immigration detainee's § 2241 petition, *see Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000), the common law abuse of the writ doctrine applies in § 2241 proceedings. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). When a successive petition raises "identical grounds for relief" as an earlier petition, it must ordinarily be dismissed unless the petitioner can establish "(1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id*. The threshold question, then, is whether the later petition actually presents the same claim or one that could have been raised before.

Here, the two petitions do not raise identical grounds for relief, and the claims presented now could not have been raised in Petitioner's earlier petition. Petitioner's first habeas petition challenged his detention at a time when he had not received any bond hearing at all. The court granted relief on that basis and ordered Respondents to

provide one. Only at that bond hearing on May 21, 2026, did the immigration judge deny bond based on flight risk, and continue Petitioner's detention. Those events had not occurred when Petitioner filed his first petition.

The present petition now presents a different set of issues: Petitioner now challenges his continued detention following the bond hearing that resulted from his first petition. And he could not have challenged the result of that hearing in his earlier petition, because the hearing had not yet occurred. More significantly, his present contention that his detention has become impermissibly prolonged necessarily depends, at least in part, on the additional period of detention that followed the court's resolution of his first petition. *See Eldridge*, 70 F.4th at 551-52.

Respondents nonetheless contend that the petitions presented the same fundamental issue: both petitions ultimately challenge the legality of Petitioner's immigration detention. Dkt. No. 6, at pg. 2. But framing the claims at that high level of generality would overlook the relevant distinction: the first petition sought process that Petitioner had not yet received, while this petition challenges his continued detention after that process occurred. *Cf. Mendoza Araiza v. Hernandez*, No. 2:26-CV-01892-LK, 2026 WL 2071149, at *4 (W.D. Wash. July 17, 2026) (applying the abuse of the writ doctrine when the bond hearing and decision preceded the prior habeas petition, such that the petitioner already had "all the necessary facts" to challenge that decision); *Sossa Azogue De Cuellar v. Dep't of Homeland Sec.*, No. C26-1971-MLP, 2026 WL 2123014, at *2

(W.D. Wash. July 23, 2026) (applying the doctrine when the petitioner identified no claim that was unripe when the first petition was filed or that arose only afterward). Because Petitioner did not have a fair opportunity to raise these claims in his prior petition, the petition is neither impermissibly successive nor an abuse of the writ.

**2. Petitioner Is Not Required to Exhaust Administrative Remedies**

Respondents alternatively argue that the petition should be dismissed because Petitioner did not appeal the Immigration Judge's May 21 bond determination to the Board of Immigration Appeals ("BIA"). Dkt. No. 6, at pg. 4. That argument has more force, but the court ultimately concludes that exhaustion should be excused here.

Before reaching the merits of a habeas petition challenging immigration detention, a district court ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006); *see also Mirlena J.F. v. Chestnut*, No. 1:26-cv-05341-MWJS, 2026 WL 2283104, at *2 (E.D. Cal. Aug. 8, 2026). In the habeas context, however, the exhaustion requirement "is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

Respondents are correct that this prudential requirement ordinarily calls for a noncitizen wishing to challenge an immigration judge's bond determination to appeal that decision to the BIA before seeking habeas review. *See Leonardo v. Crawford*, 646 F.3d

1157, 1159-60 (9th Cir. 2011). And it is true that Petitioner did not do that. But *Leonardo* does not make exhaustion an inflexible prerequisite to habeas relief. *See id*. at 1160. Because exhaustion is prudential, a court retains discretion to excuse it in appropriate circumstances. Among other recognized grounds for doing so, exhaustion may be waived when "irreparable injury will result." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004); *see Hernandez*, 872 F.3d at 988.

When applying those principles in the immigration detention context, courts in this circuit have recognized that the additional detention occasioned by administrative review may constitute irreparable injury sufficient to excuse exhaustion. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003-04 (N.D. Cal. 2018); *see also Carlos D.C. v. U.S. Dep't of Homeland Sec.*, No. 1:26-CV-05390-KES-EGC (HC), 2026 WL 2327751, at *2 (E.D. Cal. Aug. 11, 2026) (waiving prudential exhaustion when further administrative review would unnecessarily prolong the petitioner's detention and resulting irreparable harm).

The same reasoning applies here: Petitioner has already been detained for more than six months, the immigration judge identified only flight risk—not dangerousness—as a basis for continued detention, and requiring him to complete administrative review would necessarily prolong the very detention he challenges. And Petitioner submits that before his detention he lived and worked openly in the United States, had a stable residence available to him (which is still available to him),

and had no history of failing to appear for an immigration proceeding or disobeying an immigration order. Dkt. No. 9, at pg. 2. Respondents do not dispute those representations.

Petitioner has also identified concrete harms caused by his continued detention. He states that he has two children who depend on him financially and emotionally, and that his continued confinement deprives his family of his presence and assistance. *Id*. Requiring Petitioner to complete administrative review before obtaining federal review would necessarily extend the same detention that he contends has already become constitutionally impermissible. Given the duration of Petitioner's detention and the absence of any finding that he presents a danger to the community, the court concludes that further administrative review would risk irreparable injury that is sufficient to justify excusing exhaustion. That conclusion is reinforced by Petitioner's undisputed ties, history of compliance, and the continuing harms resulting from his confinement. Petitioner is therefore excused from the prudential exhaustion requirement.

**B. Respondents Have Not Meaningfully Responded to the Merits of Petitioner's Continued Detention**

Finding no procedural reason to dismiss the petition, the court turns to the merits.

Petitioner's contention is that his continued detention has become impermissibly prolonged. His argument starts with a strong hand: he has been detained continuously since January 29, 2026, and his detention has now exceeded six months. Granted, that

fact is not itself dispositive, but it does distinguish this case from many others this court has considered. *Cf. Marco A.T. v. Chestnut*, No. 1:26-cv-05598-MWJS, 2026 WL 2254383, at *1 (E.D. Cal. Aug. 4, 2026) (explaining that detention under 8 U.S.C. § 1226(a) is presumptively reasonable for six months and rejecting a prolonged detention claim when the petitioner's detention had not yet exceeded that period). And what is more, as noted earlier, Petitioner alleges that his continued confinement is causing substantial emotional, financial, and family hardship and maintains that detention is unnecessary because he is neither dangerous nor a flight risk. Dkt. No. 1, at pgs. 6-7; Dkt. No. 9, at pgs. 2-3.

Respondents do not meaningfully address the merits of Petitioner's claim. Their submission focuses instead on their arguments that the petition is successive, constitutes an abuse of the writ, and should be dismissed for failure to exhaust. *See generally* Dkt. No. 6. To be sure, at the conclusion of their exhaustion discussion, Respondents note that Petitioner then had an immigration hearing scheduled for July 22, 2026, and they assert that this was "insufficient to demonstrate detention is unlawful or extraordinary circumstances require release." *Id.* at pg. 4. But Respondents do not develop that assertion and do not address whether the duration and circumstances of Petitioner's detention have rendered his continued confinement unconstitutional. Respondents have thus forfeited opposition to the merits of Petitioner's prolonged detention claim. *See Mirlena J.F. v. Chestnut*, No. 1:26-CV-05341-MWJS, 2026 WL

2283104, at *6 (E.D. Cal. Aug. 8, 2026) ("Courts generally treat an argument left unanswered as forfeited.").

In the face of that forfeiture, and on the record before it, the court concludes that habeas relief is warranted. As noted, at the bond hearing this court previously ordered, the immigration judge did not identify dangerousness as a basis for detention, but instead denied release solely on the ground that Petitioner presented a flight risk. Dkt. No. 6-2, at pg. 1. Petitioner, meanwhile, states that before his detention he lived and worked openly in the United States, possessed employment authorization, maintained a stable residence, and complied with the immigration process. Dkt. No. 9, at pg. 2. He also describes substantial family ties here, including a newborn child and another child who depend on him for financial and emotional support, as well as significant hardship to his family resulting from his detention. *Id.* Respondents do not dispute those assertions. Nor, as explained above, have they offered any developed argument explaining why, despite the length and circumstances of Petitioner's detention, his continued confinement remains constitutionally permissible.

And on this record, release is the appropriate remedy. Petitioner has already received the bond hearing this court ordered in his prior habeas proceeding. The constitutional injury now before the court is his continued detention notwithstanding that process. Another bond hearing would therefore not adequately remedy that injury. Petitioner is therefore entitled to release.

**CONCLUSION**

For these reasons, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED. Petitioner's Motion for Appointment of Counsel, Dkt. No. 10, is DENIED as moot.

Respondents are ORDERED to immediately release Petitioner Mario Rene C.C. (A# 233-815-167) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: August 19, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge